For 3-17-0665, people of the state of Illinois are challenged by Mark Alsop v. 2013 Honda Accord and Latisha Rockwell, at the lead by Jordan Sillian. Please proceed, Councilman. Good morning, Mr. Chairman. May I please report? Councilman. The people argue that the trial deterred in dismissing the people's complaint for forfeiture when the people proved that it claimed that son, Frank O'Rouble, who pled guilty to driving under the influence of driving on his license, was the actual owner of the 2013 Honda Accord and Latisha. The claimant's name is also in the title. No exception to forfeiture applied. Let me ask you a question before you get all wound up there. What's our standard of review on this? I would ask that's within the evidence. Okay. If you look at this, there's some evidence that the mother is an owner and there's some evidence that she's not the owner, right? She's on the title. Well, that's some evidence that she's the owner. Correct. But she also had a different vehicle that was her daily driver. She did make payments on the vehicle, but she used her son's money to do that. And she did make a down payment on the vehicle also. She did in an order of protection state that the vehicle was her son's. And in another filing before the court, before the complaint for forfeiture, in a letter she stated that the vehicle was his. And in his statement of assets and liabilities, he stated that it was his vehicle. But are they mutually exclusive just because you say this is his car, the car that he normally uses? But if I'm on the title, I mean, can they both have an interest that would trump the argument that she wasn't an owner? I mean, can you only have one owner? Well, they both could be owners. That's correct, Your Honor. But the fact that her name is on the title does not necessarily mean that she's an owner of the vehicle. Many parents, in fact, co-signed on my first vehicle, but the vehicle was mine. In this case, but he had mental health issues. He was living at home. And so she acted to make sure the payments were made. She was also the named insurance, right? She maintained the insurance, as many parents, again, do for their children. Well, let me, I mean, at the end of the day, for us to reverse the trial court, we've got to find that no reasonable person could agree with the trial court. Right. In this case. This is fact-intensive, and these are issues of fact, and we can only reverse if we find that the opposite conclusion was clearly evident, and in essence, no reasonable person could agree with the trial judge's finding. That's correct. In this case, a key fact that occurred in this particular case was that on the date of the charge that issued, the DUI charge, where he backed into another vehicle, there was an order of protection against Franco by his mother. The car had been at her home. She went to a party with her husband, arrived back home. The car was gone. She did nothing. She didn't call the police. She assumed that her son, who was revoked at that time, had taken the car. She didn't call the police. She made no efforts to find the car. Well, that leads to the question, so what? If his name is on the title also, right? Yeah, he was the primary driver. So you can't steal your own car. That's correct. If they're a co-owner, you can't say he took the car. Well, his name's on the title, and the police are going to say, sorry, but he didn't. And as far as if he's committing a traffic violation, driving on a local license, that's irrelevant to the issue of ownership, isn't it? Well, it's not to ownership, yes, to ownership. But it is relevant to other issues related to forfeiture. I mean, Section 36.3B forbids the forfeiture if the vehicle is unlawfully possessed. But in this case, he was an owner, so he lawfully possessed the vehicle. However, he was unlawfully driving the vehicle because this license at the time was both revoked and suspended. So he had no lawful right to be driving the vehicle at all. So when Mrs. Broker comes home and finds the vehicle is gone, she assumed that he was driving it. So she's not an innocent owner, even if she is an owner of the vehicle. She assumed he was committing a crime with the vehicle. Was there any testimony that she knew that, I thought her testimony that she thought he was in jail for a violation of the order of protection? No, she believed he was in jail for the DUI violation. She said that was the truth. I believe he had pled guilty in this case, and she said that that was true. So he backed into another vehicle while he was driving DUI. And that's at the night when she came home and found the vehicle was gone. So she assumed that her son had taken the car when there was an active order of protection, prohibiting him from being at the home when the car was still stored. And she did absolutely nothing. So if she is an owner of the vehicle, even if we concede that because her name was on the title, she was not an innocent owner. Well, what are the criteria for being innocent and not innocent? Well, if you know that the item to be forfeited was used in the commission of a crime, and you know that, then the driver is not an innocent owner. Even if you're an owner of the vehicle. So even if she had nothing to do with what's happening to the thing, if you know somebody perhaps has taken the car, that makes you non-innocent? Well, if she believed that her son had taken the car, not just somebody, but her son in particular when she did it. So that alone, if she believed that her son, it was possible her son took the car, that there would have been some category within the medium? Correct, because in this case he was revoking. She knew that if he was driving the car, he was committing a crime with the car, and she didn't employ him. Well, answer me this. Is the record clear? Because I would agree that if, for example, you're a co-owner of a car and you know that your co-owner is using that car to deliver drugs, for example, and transporting drugs in this car, that even though you're not involved in it, you know that you see them load the drugs in the car and you know they do it on a regular basis. That would make you non-innocent. Do we know if this accident occurred before or after Mom got home and realized the car was gone? This was at 2.15 a.m. when the DUI happened. I don't recall. I don't have it listed in my notes specifically when she returned home from the party. My memory, perhaps I'm correct, was that it was after midnight, but I don't recall exactly. Would that make a difference? Well, certainly, if she arrived home and found, well, not in terms of the DUI, no, but in terms of the driver. Well, she wouldn't know he was drunk. If that's for after she arrived home, she would not necessarily have known that he was driving a DUI, but she would have known he was driving under a revoked and suspended license, which in itself is a crime. So the DUI now is not necessarily important to what, I mean, it is important in the overall scheme, but because she could not have known at the time she arrived home that he was DUI. Would driving on a revoked license alone support a forfeiture? No, but a DUI would. And so that's why the DUI is important to the forfeiture part. And what knowledge did she have that he was drunk? She didn't at the time, but she did later learn of it and believe it was true that he had prior DUIs. This is apparently part of his mental health issues. Well, if you don't learn about something after the fact, does it make you guilty of? Not the DUI part. You're correct that she would not have known that he was DUI because she was not present with him. And how, I mean, I thought the first, the DUI for which he was revoked, I thought that that occurred after the order of protection. The order of protection was in December of 2000. He had a prior DUI, but the one that he issued, I'm sorry. But you're saying that she knew he didn't have a driver's license. Correct. But the order of protection in 2015 is in December. And I think for purposes of this argument, I'm going to say there's two DUIs issued. One for which he gets his license revoked because it's revoked at the time of the second DUI. But that DUI, the first, let's say first for our purposes, the first one,  He also had a summary suspension. I frankly don't remember the chronology of when these different DUIs and summary suspensions occurred related to the order of protection. So I apologize. I don't recall that timeline. I just, I mean, I don't know how there's any certainty that she knew that his license was revoked. Even if she knew for sure that he took the car. My memory is that at the time of the O.P. that he was revoked. Okay. This is in the nature of these civil forfeitures. It's policing for profit, right? Some people would say that would be true. I mean, certainly forfeiture always is going away for a police department or county or whatever. I mean, we have criminal forfeiture, and that's when you're found guilty of a crime. Certainly. Then we have civil forfeiture. So you're not guilty of a crime, but your son saw something out of your basement and tried to take your house, for example. Right. I mean, she was not guilty of a crime. Somebody borrows your car, and they sell a joint out of your car, and then they try to take your Ferrari or whatever. Right. It's just a matter of whether you knew that a crime was committed. So here, the crime involved that's the necessary nexus to this is driving under the influence, isn't it? It is. Okay. Yes. And she's got an order of protection against him using this car at all, right? Right. And it's parked in her driveway. But she didn't take the keys. The order didn't get an order to take the keys from him. Well, there's an order of protection against him using the car. Correct. Touching the car. Yes, coming to the home. Coming to the home, touching the car, order of protection. Correct. They go out to some event. Yes. Okay. Again, the nexus for this claim is that she was aware that the car would be used in the commission of crime. And the crime point here is driving under the influence. That's a crime subject to forfeiture, but it's not necessarily the crime that would, if she was an owner of the vehicle, if she's considered an owner of the vehicle, it wouldn't necessarily have to be the crime that she was aware of. It's the one that provides the nexus for the forfeiture itself. Just the fact that she's aware that it was committed, that a crime was committed using the vehicle is... So if I got this right, you've got a mother who's having trouble with a son. Correct. Goes to trouble getting an order of protection to prevent them from doing certain things. That order of protection is apparently violated. Yes. And now the state wants to forfeit the vehicle. Yes, because of this DUI and such, yes. But our argument is both that if she is an owner, she's not an innocent owner, but our primary argument is that she's not actually an owner of the vehicle. You know, and effective August 1st of this year, a new statute comes into play. Does that have anything to do with this forfeiture? No. I don't have a copy of that. This was in 2016. I know this is, but I mean, if that new statute were in play, would that have an impact? If it were in play, but your owner wasn't. No, but I mean, if it were in play, what would that mean for this? You'll have to tell me which particular... It was effective August 1st. I was going to bring it and I forgot, so I'm sorry. It doesn't matter anyway because this was before that. But the legislature has sort of tightened some of these things, haven't they? Well, yeah, over the years the things have changed. That's correct. And if they did tighten the restrictions on innocent ownership, then perhaps we wouldn't follow them. But again, it wouldn't apply to this case. Correct. But our contention is that she is not actually an owner, despite the fact that she was on the title. That was for the purposes of getting a loan. She did make a talent payment out of her money, but all the payments were made out of his money. She maintained the car because he's got mental health issues and wasn't doing it himself. We learned in first-year law school, first-semester property, that there's a bundle of sticks, so to speak, in ownership. Sure, sure. And so she had a bunch of those sticks in a bundle, didn't she? She had some of those sticks, sir. Her name was on the title. But her own admission and the final decision she made was that the car was his. So, you know, under oath, when getting the order of retention... That's the use of language, isn't it? When you have children, many times parents have title to three cars in their family. Correct. But Junior drives the blue Ford that's 10 years old. That's Junior's car. But it's titled in the parent's name, so of course parents help Junior do it. And just so that Junior has some interest, he's paying something off. But insurance, there's insurance taken out under the parents' umbrella insurance plan. There's all kinds of things. All those are indicia under the law of ownership, aren't they? Some aspects of ownership. So we got some aspects of ownership. Other aspects, in this case, don't. We do, absolutely. So we got a judge making a finding based on all this evidence. And she knew that he was going to go in the house and go to the home while they were away and steal. She didn't call the police and say, my car's been stolen. She didn't run to the phone and call the police and say, arrest my son. And so for this law, there was a duty on her part to do that? I believe so, yes. And what was that? Well, any time you suspect someone is using property. There's no specific statutory duty to do so. There's no language in the statute that requires one to report. But a reasonable person would do so. Is there any case law saying that? Not that I'm aware of. With respect to her statements, you said that it was his. I mean, you'd agree, would you not, that those are evidentiary admissions and not judicial admissions, right? Well, it's evidence, certainly, yes. Yeah. So, okay. That answers my question. Thanks. Time. Thank you, Eric. Thank you, Counsel. Counsel. May it please the Court, Counsel. My name is Jordan McKillian. I'm here on behalf of the Apt. 8. Mrs. Rolfo is present here in the Court today. I just want to state that this is a situation where the state and their enthusiasm to try to take away this vehicle that my client's in order to... They're asking, not only the trial court, but this court now, to ignore the phone language in the statute, the foreclosure statute. There's two issues at play here. Number one, does the person have a right to make a claim? And then number two, are they an innocent owner? Do they have any culpability? And I want to address number two first, which was just discussed. Yeah. And Counsel, for the state, just represented that if the owner has knowledge of any offense committed by the driver, even if it's not a forfeitable offense, that that still renders them non-innocent for purposes of forfeiture. Do you agree with that? I disagree with that. They'd have to know that they were doing something that was forfeitable under the statute. And also, I would think it wouldn't just be knowledge where you have to help the police solve the crime. There would be some acquiescence to it that forfeits their innocence in a particular circumstance. And is that based on the statute or is it based off that last statement you just made? I think they get into it in the Harley-Davidson Supreme Court case about how, in that situation, the owner is on the motorcycle with her husband. So they talked about acquiescence in that case. I don't know any other cases that specifically deal with that. But this is in the situation where Mrs. Robo is sitting in the passenger seat with her son, who's drunk. But moreover, that second issue was not that issue in the trial court. The closest the state got to contesting that she was innocent of, I'll use it, innocent of culpability, was that when she was telling the court what actually happened that night, that basically the trial attorney gave her an ominous warning saying, if you go any further with this, we would have your testimony locked down. And this is an uncharged crime and your son could get in more trouble, basically, if you go down this road. Now, the trial court sort of ignored that and said, listen, the guy's in prison. What are you saying? You're trying to protect the guy in prison? Okay. But they never argued these situations in the trial court. And I think the trial court, and I wrote it in my brief, that argument's weak, that she should have waited for the phone call, because that could have been flushed out in the trial court and the trial court could have entertained those arguments at that level. And so, and I wrote that in my response brief. Counsel did not file a reply brief, and I think that goes more to the, there's a lot of interchangeable language here, but they forfeit that argument because not only did they not bring it up in the trial court, but when I mentioned that in my response brief, they didn't file a reply brief saying why that argument isn't a way to forfeit a U.N. appeal. So I don't believe this court should entertain the second problem. I think where this case is really needing to be decided is, is my client entitled to make a claim? The plain reading of the statute says, an owner, or I think it says the owner, the owner or any other person whose right, title, or interest is a record. This is an intent. She's not entitled. She should not have to do anything more other than present this title. What the state's been doing in the last 33 years or so, has been really torturing and stretching these people we do in the Eleanor Supreme Court case, and trying to say, you know what, let's forget about the plain language of the statute, and let's just jump into this analysis of who drives the car more. That's not, and there's some sort of arguments alluding to, well, she owns another car, so she's not the owner of this car. There's no precedent you can't own two cars. Well, under the plain language of the statute, a lien holder could make a claim, couldn't they? I absolutely agree with that. That's what the statute says. And the fact is, is that Duggan was worried about somebody who had a sham title. They thought that that was a pretense. They thought there was something nefarious going on. And all the Eleanor Supreme Court did in Duggan was uphold the trial court, who found that that title holder's testimony was incredible anyways. They didn't believe it. So ever since then, the state's been saying, well, let's ignore the statute, and let's jump right into this analysis. And frankly, my client shouldn't have to jump into that analysis. We shouldn't have to play on that plain field, because the plain language of the statute says if you're on the title, you get to make a claim. So we shouldn't be arguing about who put gas in the car model, who drove the car model. Well, then what happens next? Once you make the claim, they have a right to say, well, maybe that's the truth, but Alan Duggan, this is a sham. Your name's there, but all the underlying facts are, here's where all the money came from, who's driving the car, except for a name on a sheet of paper. Nothing else looks like ownership. I agree. In Duggan, though, I think it's an anomaly, and the facts were so unique to that situation, where a gentleman goes in, negotiates the price, buys the car. There was no familial relationship. I don't even know about a dating relationship. They didn't really flesh out those facts. Weren't they two guys? It was not. Duggan was, I believe, the man who was in the underground gambling industry, and then the claimant, the title holder's name was Sandra Martinez. Okay. But in that case, it's specific to that case. And I think the 1991 Camaro case out of the 2nd District, I think they did a good job of distinguishing that and saying this is, they were concerned clearly with somebody trying to circumvent the forfeiture laws. And in that case, when the defendant, Duggan, was in the industry of illegal gambling, running an underground casino, putting things in other people's title, that's what they're worried about there. They're not worried about Mrs. Ropo helping out her son, or any family member who's helping out her son. The state's just trying to take that and run them up with it, and trying to take family cars by saying, no, son uses it more. Or trying to point to an order of protection and say, oh, look, she said the car was hers. No, she's having the title. And it really shouldn't get any further than that. And I guess what I'm asking this court to do is, one, uphold the trial court, because as a few of you pointed out, there's bundles. I think you said something. She has sticks in her bundle. Clearly, this would not be against the manifesto of the evidence. But I think more importantly, why I request an oral argument in this case is, I think it's important to put a case out there from the 3rd District, I'm not aware of one in the 3rd District, I am aware of one from the 2nd District, that distinguishes Duggan, that says that's not what this says, and reestablishes the importance of holding the title. And also, just to put people in similar situations as Mrs. Ropo, who's not helping her son run a criminal enterprise, she's just your typical mother who's on the title with her son. And the statute, she should be allowed relief under the statute as the title holder. And just because I know that the State argued that, you know, if she had knowledge that he was driving with his license revoked, knowledge of any offense would thwart the claim. If that isn't an offense that is subject to forfeiture, what's your answer? If she did know that he didn't have a driver's license, do you think that that will allow her claim to be defeated? If she's sitting at home, and you're at the breakfast table, and she knows that his license is revoked, and he says, hey, Mom, I'm going to take the car and drive it to the gas station, and she says, okay, Franco, and he does it and he gets pulled over, I think she has trouble. And I'm not saying that's the wrong thing. When you're acquiescing, when you're allowing it to happen, you're going to have a harder time in court. And that's what that Harley-Davidson case is about. But is driving while revoked a forfeitable offense? I don't – I think it is – well, I can't answer that completely accurately. I think there's 36 ways. I'm just not sure that that's one of them. In and of itself. I know the Harley-Davidson case, there was no license, but there was a DUI. He was revoked for DUI, and then there was DUI. And then a DUI. So that was kind of like the combination platter. But here, I mean, obviously, if she hadn't seen him all day, she could not have known he was consuming alcohol and driving under the influence. But at most, the knowledge of the revoked license, but because it's not something for which it's standalone forfeiture, is that enough? Even if she came home and knew that he was probably the one, you know, does that – does it stand alone? I don't think so. Does it stand alone? Because then you're putting the onus on her to do something affirmative, to call the police to help solve this crime, to stop him. So I don't think it stands alone. But that relates to whether or not she's innocent, whether or not she has an affirmative obligation to continue to be innocent. Could you ask him the question again? Whether or not to be innocent. Well, just like if somebody's delivering drugs in the car and you know it, well, you may not have a duty to call the police and turn your kid in. However, by not doing that, it's not an unreasonable argument to say that that's an acquiescence in the criminal enterprise. Could you go along with that? I think the specific language is new or should have been known. Now, what kind of – at what point do you figure it out? At what point do you try to stop it? I'm not sure. I apologize. I don't know if I'm answering your question. But – and I wish that there – again, if we got into this more in the trial court, there would be more facts to establish arguments on either side. But at the end of the day, at the trial court level, that wasn't even discussed. And, you know, we talked – and I do want to address this real quick. The state talks about, well, she didn't do anything when she got home. Well, there's nothing in the record that says that she knew that Fraga was actually driving the car. What if he went there with his girlfriend and his girlfriend, who had a metal license, was driving the car? She figured he took the car. She didn't know that. And there's no evidence to jump to the state's conclusion, one, that he was driving the car, two, that he was intoxicated while he was doing it. Two minutes, please. If there's nothing further, I'd like to thank you for your time. And I ask that you remain trustworthy. Thank you, counsel. Counsel. Counsel, as I understand your argument, is that – and correct me if I'm wrong – is that the statutory gist and justification for this forfeiture is a DUI. In this case, it was. Okay. So there are enumerated statutes that allow civil forfeiture to take place. As counsel said, there are many. There's a whole group. There's also a grouping of other statutes that don't allow for – are not part of the enumerated ones that allow for forfeiture to take place. That would be correct. Okay. And I think one of them is this other offense that you're talking about with regard to the smugglers and whether or not she was aware that he was driving without a proper license. Being in the lane you knew or should have known. The should have known lane. That he was – no, I'm talking about the offense that she knew or should have known, that is, driving without – Without – on a revoked license. On a revoked license. Right. That's not one of the enumerated ones which is subject to forfeiture, is it? No, but that leaves us – So if I understand your argument, you're saying that if later on he commits – a Leslie commits an offense, does he have to be found guilty of that offense for this forfeiture to take place? No, no. So if he's just charged with an offense, that's one of the enumerated offenses for silver forfeiture to take place. So if the son is charged with this offense and it's enumerated, then if she was aware or knew or should have known that he was driving under a suspended license, which is not one of the enumerated offenses, that's the predicate to justify the forfeiture under this other statute, right? Right. It gets us to the DUI. Okay. So that's the bridge to the DUI. Right. And that's based on what language in the statute? The should have known – it's like if somebody has a gun, but they're leaving it on, but someone says – But isn't that should have known – But isn't that should have known referring to forfeitable offenses? It doesn't specifically – Whether it's referring directly to the forfeitable offenses, or whether it's referring to an offense that in this case would be a bridge. Certainly the mother knew that he had an alcohol problem that he had prior DUIs to revoke and suspended for those reasons. So if he's taking a car, it's likely, again, that he might be out. So there are certain presumptions that take place because of prior activities? Under the facts of this case. So if you're a parent and your son or daughter has had prior drug problems, alcohol problems, or mental health issues, then that means that there's a presumption at play here? In this particular case where this son had multiple DUIs, there is a presumption that he's likely to be going out? Well, in tort law, you'd be talking about negligent entrustment. In other words, you've got somebody that you know is a ne'er-do-well, and they've got a horrible driving record, and you let them use your car, and you know of their driving record, that in tort law it would be like a negligent entrustment. Sure. Answer me this because I'm curious. Below in the trial court, what arguments did the state further that the mom here was non-innocent? Well, what we got to below was the point at which mom had to prove first that she was an owner. And the state basically at that point was making the major argument that she didn't own the vehicle. That didn't answer my question. My question was what evidence and arguments were proffered below that mom was, if an owner, not an innocent owner? I don't remember the specific arguments at this point. I apologize, Your Honor, because I didn't review. Well, the reason I bring that up is counsel has raised a forfeiture argument with respect to that second prong that you argued here previously. And so I guess in essence I'm asking you what do you say about counsel's forfeiture argument Well, the judge did make a finding that she did not know, did not have reason to know, that the cork was missing from her residence. And that she, you know, she found that she had a cofee, or she found that there was an order of protection against him at the time, and the husband was a partner in short. The important thing is that the judge is making this finding that she did not have reason to know that the vehicle was missing from her residence. And she obviously knew the vehicle was missing from her residence. In her own statements, she presumed that he had the vehicle. And she was not at all surprised when he, at the DUI conviction, she said, Well, it was true, it did make sense. So the mom knew that he had a problem. She also knew he was broke. Okay, and so I guess let me make the question more direct. Did the state then argue below that, okay, your judge, even assuming that you find her to be an owner, under the statute she's not an innocent owner because of all the things you just said, ergo, she still loses and the forfeiture goes. Was that argument made below? I honestly don't recall that argument. Okay. I apologize. And then you would agree if we look at the record and it wasn't, then your argument, you know, that issue has indeed been forfeited. That's true. If we made no argument whatsoever about the below, about an innocent owner, claim no discussion whatsoever, then we would forfeit. That's absolutely true. Thank you. Thank you, counsel. Thank you both for your arguments in this case. The court will take this matter under advisement and render this decision within a reasonable time.